```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
EVAN SLEIGHT and ROBYN LEE                                :
SLEIGHT,                                                  :
                                                          :
                               Plaintiffs,                :
                                                          :
                - against -                               :
                                                          :
FORD MOTOR COMPANY;                                       :
BRIDGESTONE AMERICAS, INC.;                               :
BRIDGESTONE AMERICAS TIRE                                 :
OPERATIONS, LLC; and ROCKAWAY                             :
CAR CENTER, INC.,                                         :
                                                          :
                               Defendants.                :
                                                          :
----------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 3 - 2010 ★
BROOKLYN OFFICE

**MEMORANDUM DECISION AND ORDER**

10 Civ. 3629 (BMC)

**COGAN**, District Judge.

Before the Court is plaintiffs' [7] Motion to Remand and their request for attorneys' fees and costs. The case is remanded to the Supreme Court, Kings County, without costs or attorneys' fees.

## BACKGROUND

Plaintiffs, husband and wife, commenced this action in Supreme Court, Kings County against defendants for personal injuries Mr. Sleight suffered when the tread on the left rear tire of his 1997 Ford Explorer separated while he was driving on a highway in Utah. Plaintiffs allege that when the tire failed, Mr. Sleight lost control of the vehicle and it rolled over several times, causing injuries that rendered him a quadriplegic. Plaintiffs have asserted claims for strict products liability, breach of warranty, negligence, and loss of consortium, against the vehicle manufacturer, Ford Motor Co. ("Ford"); tire manufacturers, Bridgestone Americas, Inc.

("Bridgestone") and Bridgestone Americas Tire Operations, LLC ("BATO"); and the auto dealership that sold plaintiffs the car, Rockaway Car Center, Inc. ("Rockaway").

On August 9, 2010, Ford removed this case to federal court on the basis of diversity jurisdiction. Bridgestone and BATO filed notices of consent to removal but Rockaway, although it had been served on July 6, did not.[1]

In their motion to remand, plaintiffs argue that since Rockaway is a New York citizen, the case is not removable, despite the existence of diversity of citizenship. In opposition, defendants Ford, Bridgestone, and BATO (collectively the "Removing Defendants") argue that Rockaway was fraudulently joined in this action.

## DISCUSSION

### I. Removal

There is no dispute that there is complete diversity amongst the parties.[2] However, the fact that Rockaway was properly "joined and served" in the state court action as of July 6, 2010, renders Ford's removal defective in two ways.

First, in cases where there are multiple defendants, the Rule of Unanimity requires that "all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper." Burr ex rel. Burr v. Toyota Motor Credit Co., 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006) (quoting Miller v. First Sec. Inv., 30 F. Supp. 2d 347, 350

---

[1] Rockaway has yet to appear in the action.

[2] Plaintiffs are citizens of Utah; Ford is a Delaware corporation with its principal place of business in Michigan; BATO is a Delaware limited liability company with its principal place of business in Tennessee and is wholly-owned by Bridgestone; Bridgestone is a Nevada corporation with its principal place of business in Tennessee and is owned by Bridgestone Corporation, a Japanese entity; and Rockaway is a New York corporation doing business in Brooklyn, New York.

2

(S.D.N.Y. 1998)); see also Green v. Nat'l Ass'n of Prof'ls and Execs. (*In re* Consolidated Welfare Fund "ERISA" Litigation), 92 Civ. 0424, 1992 WL 212348, at *2 (S.D.N.Y. Aug. 21, 1992) ("As a general rule, the consent of all defendants in a multiparty case is a 'precondition' to removal."). "While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion." Codapro Corp. v. Wilson, 997 F. Supp. 322, 325 (E.D.N.Y. 1998) (citation omitted). Since Rockaway did not provide consent to removal, and the time period for doing so has expired, the petition for removal is untimely. See Burr, 478 F. Supp. 2d at 437 ("Failure of any defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely.").

Second, even with the requirements of diversity jurisdiction met, under the Forum Defendant Rule, a diversity case may be removed to federal court "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). In such cases, upon timely objection from the plaintiff, the removal is procedurally defective and the case must be remanded, even though diversity jurisdiction exists. See Shapiro v. Logistec USA, Inc., 412 F.3d 307, 313 (2d Cir. 2005) (noting that Section 1441(b) is a rule of procedure and not a jurisdictional requirement). Here, Rockaway is a citizen of New York, which plaintiffs have established was "properly joined and served" in the state court action at the time of removal. Thus, Ford was prohibited from removing this case to federal court under Section 1441(b). See Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 180 (S.D.N.Y. 2003) ("[T]he language of § 1441(b) makes plain that its prohibition on removal applies only where a defendant who has been 'properly joined and served' is a resident of the forum state.").

## II. Fraudulent Joinder

Despite these defects, removal could still be proper if plaintiffs fraudulently joined Rockaway in this action. When a defendant is fraudulently joined, the Rule of Unanimity may be disregarded, see Balazik v. Cnty. of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995), and the presence of the forum defendant may be overlooked by the court, see Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004).

To establish fraudulent joinder, a defendant bears the heavy burden of demonstrating "by clear and convincing evidence, either that (1) there has been outright fraud committed in the plaintiff's pleadings, or (2) that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the [forum] defendant in state court." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998). On the latter ground, "[j]oinder will be considered fraudulent when it is established that there can be no recovery [against the forum defendant] under the law of the state on the cause alleged." Whitaker v. American Telecasting, Inc., 261 F.3d 196, 207 (2d Cir. 2001) (internal quotation marks and citation omitted, alteration in original).

The defendants' burden in establishing fraudulent joinder is greater than on a motion to dismiss for failure to state a claim. See Stan Winston Creatures, 314 F. Supp. 2d at 182-83 ("In order to show that a defendant was fraudulently joined to defeat removal, it is not sufficient to argue that the complaint fails to state a claim against that defendant; rather, the removing party [must satisfy the clear and convincing standard set forth in Pampillonia]."). "While the plaintiff[s'] pleadings must contain sufficient factual foundations to support any allegations against [the forum defendant], there is no requirement that plaintiff[s'] recovery in state court be reasonably likely." Lindsay v. Toyota Motor Sales, Inc., No. 04 Civ. 10137 and 05 Civ. 943,

4

2005 WL 2030311, *5 (S.D.N.Y. Aug. 22, 2005). "Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is 'no possibility' of recovery is such a finding warranted." Nemazee v. Premier, Inc., 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002). "[T]he court may look beyond the pleadings and consider evidence submitted by the parties," In re Fosamax Products Liability Litigation, MDL No. 1789, 2008 WL 2940560, *3 (S.D.N.Y. July 29, 2008), and must resolve all factual and legal issues in favor of the plaintiff, see Pampillonia, 138 F.3d at 461.

The Removing Defendants argue that Rockaway was fraudulently joined because under Utah law, which they contend governs this dispute, plaintiffs' strict products liability claim against Rockaway fails as a matter of law. The Utah Product Liability Act ("UPLA") limits liability for all product liability claims to a manufacturer or "initial seller" of a product. See Utah Code Ann. § 78B-6-703. The Removing Defendants contend that Rockaway is neither. Rather, they argue that since Rockaway is primarily an auto repair shop that sells used cars on the side, it qualifies as a "passive retailer" and is not liable under the UPLA. See, e.g., Yirak v. Dan's Super Markets, Inc., 2008 UT App 210, 188 P.3d 487 (Ut App. 2008) (noting that a passive retailer may not be subject to strict liability under the UPLA where the manufacturer is a named party to the action).

Conversely, plaintiffs maintain that New York law governs this dispute and that under New York law, a seller can be held liable for selling a defective product. See Sukljian v. Charles Ross & Son Co., Inc., 69 N.Y.2d 89, 95, 503 N.E.2d 1358 (1986). They contend that even if there is a conflict between Utah and New York law regarding a seller's liability, under New York choice of law rules the law of the jurisdiction where the tort occurred will generally apply. See White v. ABCO Engineering Corp., 221 F.3d 293, 301 (2d Cir. 2000) ("If conflicting

conduct-regulating laws are at issue, the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders."). Plaintiffs allege that the "tort" in this case occurred in New York, as that is where Rockaway failed to properly inspect the vehicle for defects and then sold it.

In the alternative, plaintiffs contend that even if Utah law were to apply, Rockaway is still a proper defendant because it acted as more than just a "passive retailer." Specifically, plaintiffs allege that Rockaway modified the vehicle by actually choosing and placing the defective tire on the vehicle. Plaintiffs claim that this activity puts Rockaway outside the scope of a "passive retailer" and subjects it to liability under the UPLA.

There is no need for this Court to engage in a choice of law analysis as it is clear that Removing Defendants have not met their burden of demonstrating that there is "no possibility" that plaintiffs can state a cause of action against Rockaway. Plaintiffs have made a colorable argument that New York law applies, and both parties acknowledge that under New York law, plaintiffs would have a viable claim against Rockaway. Moreover, even if Utah law were to apply, plaintiffs have alleged facts that suggest Rockaway acted as more than a "passive retailer," thereby establishing a "possible" claim against it under that state's law.

The Removing Defendants have failed to meet their burden regardless of the choice of law invoked by a state court. Of course, nothing in this decision should be deemed to bear on the merits of plaintiffs' claim against Rockaway and if the Removing Defendants are in fact correct that no such claim exists, they can seek to have it dismissed and attempt to remove again if they do. See 28 U.S.C. § 1446(b).

### III. Attorneys' Fees

Plaintiffs have requested costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 136, 126 S. Ct. 704 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id. at 141, 126 S. Ct. at 711.

I find that an award of attorneys' fees and costs is not appropriate in this case. At the time of removal, plaintiffs had not yet filed proof of service for Rockaway in the state court. Without knowing that Rockaway had been served in the state court action, Ford had no reason to believe that removal was improper. Concededly, Ford was put on notice that Rockaway had been served when plaintiff made that clear. However, that does not change the fact that there was a reasonable basis for Ford to remove when it did.

### CONCLUSION

Accordingly, plaintiffs' motion to remand is granted, without costs and fees. The case is remanded to the Supreme Court of the State of New York, County of Kings.

**SO ORDERED.**

/s/(BMC)

_____
U.S.D.J.

Dated: Brooklyn, New York
September 2, 2010